```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,  :
      Plaintiff
                               :

      vs.                        :  CRIMINAL NO.  1:CR-02-011-01
                               :

ERIC CRAFT,
      Defendant             :

*M E M O R A N D U M*

Defendant, Eric Craft, an inmate at FCI-Edgefield, Edgefield, South Carolina, pled guilty to a violation of 18 U.S.C. § 924(j), making it illegal to cause the death of another person through the use of a firearm during a drug-trafficking offense. He was sentenced to 480 months' imprisonment. His conviction was affirmed on direct appeal, *United States v. Craft*, 139 Fed. Appx. 372, 374-75 (3d Cir. 2005)(nonprecedential). Defendant's motion under 28 U.S.C. § 2255 was denied after a hearing, *United States v. Craft*, No. 1:CR-02-011-01, 2006 WL 3831386 (M.D. Pa. Dec. 28, 2006), and the Third Circuit affirmed. *United States v. Craft*, C.A. No. 07-1060 (3d Cir. July 30, 2007).

We are considering Defendant's pro se petition for a writ of habeas corpus ad subjiciendum, filed October 16, 2007. The petition challenges his sentence on the basis that the sentencing guidelines and the input from the probation officer on the sentence violated the separation of powers in the Constitution.

A petition for a writ of habeas corpus ad subjiciendum seeks the issuance of what is commonly understood as the "Great Writ" of habeas corpus at common law, the petition used by prisoners to challenge the constitutionality of their convictions and sentences. *Stantini v. United States*, 986 F. Supp. 736, 739 (E.D.N.Y. 1997). A motion under 28 U.S.C. § 2255 is now the statutory equivalent of the common-law habeas petition. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Since Defendant filed the petition with this court, we assume he did not intend to file a petition under 28 U.S.C. § 2241.[1] We will therefore treat the petition as a 2255 motion. As a 2255 motion, we lack jurisdiction to consider it since Defendant already filed a 2255 motion, and he has not obtained the permission of the court of appeals to file a second one. *See* 28 U.S.C. § 2255 ¶ 8.

If Defendant intended to file a 2241 petition, we would also dismiss because a 2241 petition must be filed in the federal judicial district with jurisdiction over the petitioner's custodian. *Tsoukalas v. United States*, 215 Fed. Appx. 152, 152 (3d Cir. 2007) (per curiam)(nonprecedential)(citing *Rumsfeld v. Padilla,* 542 U.S. 426, 442, 124 S.Ct. 2711, 2721-22, 159 L.Ed.2d 513 (2004)).

---

[1] The common-law writ is codified at section 2241. *See Jackson v. United States*, No. C A 906-2048-RBH, 2007 WL 1725239, at *2 (D.S.C. June 8, 2007)(petition for a writ of habeas corpus ad subjiciendum should be treated as one under section 2241).

2

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 23, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
        Plaintiff
                      :

        vs.            :  CRIMINAL NO.  1:CR-02-011-01
                      :
ERIC CRAFT,
        Defendant  :

*O R D E R*

AND NOW, this 23rd day of October, 2007, it is ordered that Defendant's pro se petition (doc. 161) for a writ of habeas corpus ad subjiciendum, treated as a motion under 28 U.S.C. § 2255, is dismissed without prejudice for lack of jurisdiction.

                                       <u>/s/William W. Caldwell</u>
                                       William W. Caldwell
                                       United States District Judge