IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
     Plaintiff
                        :

     vs.          :   CRIMINAL NO.  1:CR-02-011-01

                        :
ERIC CRAFT,
     Defendant          :


*M E M O R A N D U M*


We are considering a second pro se petition for a writ of habeas corpus ad subjiciendum, filed on November 5, 2007, by defendant, Eric Craft, an inmate at FCI-Edgefield, Edgefield, South Carolina.[1] Defendant pled guilty in this court to a violation of 18 U.S.C. § 924(j), making it illegal to cause the death of another person through the use of a firearm during a drug-trafficking offense. He was sentenced to 480 months' imprisonment.

On October 16, 2007, Defendant filed his first ad subjiciendum petition, claiming that the sentencing guidelines and the input from the probation officer on the sentence violated the separation of powers in the Constitution. Treating the petition as a second motion under 28 U.S.C. § 2255, we dismissed it for lack of jurisdiction because Defendant had

_____

[1] A petition for a writ of habeas corpus ad subjiciendum seeks the issuance of what is commonly understood as the "Great Writ" of habeas corpus at common law, the petition by which prisoners could challenge the constitutionality of their convictions and sentences. *United States v. Craft*, 2007 WL 3124988, at *1 (M.D. Pa. Oct. 23, 2007)(Caldwell, J.).

already filed a 2255 motion. *United States v. Craft*, 2007 WL 3124988, at *1 (M.D. Pa.).[2] We also noted that if Defendant had intended to file the petition under 28 U.S.C. § 2241, he had to file it in the federal judicial district with jurisdiction over his custodian. *Id.*

Defendant titles his current ad subjiciendum petition a "refiling" but raises different grounds for relief, that his rights to a speedy trial under the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, were violated. In support of the latter claim he cites *Zedner v. United States*, __ U.S. ___, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006).

He asserts that the petition is not one under section 2241 or 2255, but one filed directly under Article III of the Constitution. Relying on *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995), he implies that his ad subjiciendum petition is not subject to any limitations on postconviction relief included in the amendments to 28 U.S.C. §§ 2241-2255 by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). He also appears to argue that failure to entertain the current petition would violate the Suspension Clause, U.S. Const. Article I, Section 9, Clause 2, which provides that "[t]he Privilege of the Writ of Habeas

---

[2] Our disposition of the 2255 motion can be found at 2006 WL 3831386 (M. D. Pa. Dec. 28, 2006).

Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

We reject Defendant's position that he can file a habeas corpus petition directly under the Constitution. The pertinent provisions are Article III, Section 1, and Article III, Section 2, Clause 1. Article III, Section 1 provides, in pertinent part, that "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." Article III, Section 2, Clause 1 provides, in pertinent part, that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . . ."

As Article III, Section 1 indicates, the lower federal courts, as opposed to the Supreme Court, are creatures of Congress, which can specify by statute the lower courts' jurisdiction. *See West Penn Power Co. v. Train*, 522 F.2d 302, 313-14 (3d Cir. 1975) (quoting *Sheldon v. Sill*, 49 U.S. (8 How.) 441, 448-49, 12 L.Ed. 1147 (1850)); *Rice v. United States, Dep't of Alcohol, Tobacco & Firearms*, 68 F.3d 702, 707 (3d Cir. 1995) (noting cases recognizing Congress's power "to define and limit" the jurisdiction of the lower federal courts), overruled on other grounds by *Pontarelli v. U.S. Dep't of the Treasury*, 285 F.3d 216 (3d Cir. 2002). It follows that we have no inherent authority under the Constitution but must also have legislation

3

authorizing us to act. *See United States v. Holland*, No.
1:CR-01-195-06, 2007 WL 2028912, at *2-3 (M.D. Pa. July 12,
2007)(Caldwell, J.)(federal courts lack "inherent equitable
power to revise their judgments" under Article III absent
legislation from Congress); *Alexander v. Wynder*, No. 07-510,
2007 WL 3252093, at *4 (E.D. Pa. Nov. 1, 2007)(federal court
lacks inherent authority under Article III to reopen the
petitioner's previous habeas petitions absent enabling
legislation from Congress); *Benjamin v. Abraham*, No. 06-5561,
2007 WL 839546, at *7 n.10 (E.D. Pa. Mar. 15, 2007)(rejecting 28
U.S.C. § 2254 petitioner's argument that the *Rooker-Feldman*
doctrine did not bar his claims because the petitioner was
invoking the district court's "inherent equitable powers" under
Article III, reasoning that the lower federal courts have only
that jurisdiction Congress confers and citing *Sheldon*, *supra*,
and *West Penn Power Co., supra*). *Plaut* does not aid Defendant
either because that case is distinguishable, invalidating on
separation-of-powers grounds federal legislation attempting to
resurrect certain lawsuits that had already been dismissed. No
such legislation is present in the instant case.

Contrary to Defendant's implication, our refusal to
entertain his ad subjiciendum petition is not an
unconstitutional suspension of the writ, for Defendant had
available to him, and did employ, a motion under 28 U.S.C. §
2255 to challenge his conviction and sentence. *Cf. McKoy v.*

4

*Apker*, 156 Fed. Appx. 494, 496 (3d Cir. 2005)(per curiam)(nonprecedential)(restrictions on successive 2255 motions do not constitute a suspension of the writ so that the defendant could use section 2241)(citing *Felker v. Turpin*, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996)).

As we explained in our memorandum dismissing Defendant's first ad subjiciendum petition, the common-law writ is codified under section 2241, *Craft*, *supra*, 2007 WL 3124988, at *1 n.1, so if he has the right to seek any relief at all at this point, it would have to be under that section. However, a section 2241 petition challenging an inmate's immediate physical custody (as this petition does) must be filed in the federal judicial district where Defendant is confined and name his custodian as the respondent. *Rumsfeld v. Padilla,* 542 U.S. 426, 439, 443, 124 S.Ct. 2711, 2720, 2722, 159 L.Ed.2d 513 (2004). This judicial district does not qualify as the district of confinement.

We do not reach the merits, but merely as an observation it appears, in any event, that the grounds Defendant has raised are not meritorious. He argues under *Zedner*, *supra*, that his rights under the Speedy Trial Act were violated, but that case is easily distinguishable. In *Zedner*, the defendant made a prospective waiver "for all time" of his Speedy Trial Act rights. Based on that waiver, his trial was continually postponed, without the trial court making any of the findings

necessary under the act. About seven years after he was indicted, he finally came to trial. The Supreme Court held that his prospective waiver was not valid under the act. ___ U.S. at __, 126 S.Ct. at 1986. Here, in contrast, Defendant pled guilty, thus waiving his Speedy Trial Act rights under section 3162(a)(2). *See In re Trader*, 226 Fed. Appx. 100 (3d Cir. 2007)(per curiam) (nonprecedential). Further, while the court granted three extensions of trial (doc. no. 49, 52 and 55), it did so for limited periods and justified each extension under the act. There would thus appear to be no merit to any claim under *Zedner*. A plea of guilty also waives any speedy-trial claim under the Sixth Amendment. *Washington v. Sobina*, 475 F.3d 162, 166 (3d Cir. 2007)(a guilty plea waives a Sixth Amendment speedy-trial claim).

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 13, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,              :
          Plaintiff
                                       :

          vs.                          :   CRIMINAL NO.  1:CR-02-011-01

                                       :

ERIC CRAFT,
          Defendant                    :


*O R D E R*


AND NOW, this 13th day of November, 2007, it is ordered that Defendant's second pro se petition (doc. 163) for a writ of habeas corpus ad subjiciendum is dismissed for lack of jurisdiction.


                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge