IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
    Plaintiff
        :

vs. : CRIMINAL NO. 1:CR-02-011-01

        :

ERIC CRAFT,
    Defendant  :

*M E M O R A N D U M*

        Defendant, Eric Craft, has filed a pro se motion (doc. 218) seeking to vacate his conviction and sentence. He asserts we lacked jurisdiction to adjudicate the charge against him because the offense occurred outside the territorial and maritime jurisdiction of the United States and because the offense was first-degree murder, a state-law crime, not a federal one. Defendant invokes Fed. R. Civ. P. 5.1(a)(1)(A) as authority for us to entertain his motion.

        In September 2002, Defendant pled guilty to a superseding information alleging a violation of 18 U.S.C. § 924(j), causing the death of another by use of a gun during a drug-trafficking offense. In May 2003, Defendant was sentenced to 480 months of imprisonment and five years' supervised release. His direct appeal was denied. *United States v. Craft*, 139 F. App'x 372 (3d Cir. 2005)(nonprecedential). In December 2006, we denied his 2255 motion, and in July 2007 our ruling was upheld on appeal. *United States v. Craft*, No. 07-1060 (3d Cir. July 30, 2007). Since then, Defendant has filed various postconviction motions which have been denied. *See United States v. Craft*, 302 F. App'x 123 (3d Cir. 2008)(per curiam)(nonprecedential).

        Defendant cannot rely on Rule 5.1(a)(1)(A). That rule requires a party in a civil action to notify the Attorney General of the United States if he is challenging the

constitutionality of a federal statute and there is no federal party to the lawsuit. The rule does not apply to Defendant's attempt to vacate his conviction.

The current motion is an attack on Defendant's conviction. As such, it is really a 28 U.S.C. § 2255 motion, but since Defendant already filed a 2255 motion, section 2555's gatekeeping provision, *see* 28 U.S.C. § 2255(h), prevents us from considering the motion, and we will dismiss it for lack of jurisdiction. *See United States v. Tyler*, 207 F. App'x 173, 177 (3d Cir. 2006)(nonprecedential). Defendant is free to seek the approval of the court of appeals to file a second 2255 motion.

Defendant is not assisted here by framing his challenge as one to our jurisdiction. Defendant was not convicted of a state-law crime,[1] and under 18 U.S.C. § 3231, the jurisdictional provision for federal crimes, federal courts have subject-matter jurisdiction over violations of 18 U.S.C. § 924(j). Defendant also incorrectly asserts that section 924(j) is limited to the territorial or maritime jurisdiction of the United States. *See United States v. Young*, 248 F.3d 260, 274-75 (4th Cir. 2001).

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 29, 2010

---

[1] First-degree murder was discussed in connection with sentencing, but first-degree murder as defined in federal law, under 18 U.S.C. § 1111, not under state law, as the transcript pages Defendant attached to his motion show.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
    Plaintiff
                                                :

    vs.                                     : CRIMINAL NO. 1:CR-02-011-01
                                                :
ERIC CRAFT,
    Defendant                        :

*O R D E R*

AND NOW, this 29th day of January, 2010, in accordance with the accompanying memorandum, it is ordered that Defendant's motion (doc. 218) under Fed. R. Civ. P. 5.1(a)(1)(A) is dismissed for lack of jurisdiction.

                                           /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge