IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
v. : CRIMINAL NO. 1:02-CR-011-01
:
ERIC CRAFT, :
Defendant :

*M E M O R A N D U M*

I. *Introduction*

In September 2002, the pro se defendant, Eric Craft, pled guilty to an information charging him with a violation of 18 U.S.C. § 924(j), causing the death of another by use of a gun during a drug-trafficking offense. He was sentenced to 480 months of imprisonment and five years of supervised release. We have pending before us several motions attacking his conviction and sentence.

II. *Background*

On January 16, 2002, Defendant was charged in a two-count indictment with making false statements in connection with the acquisition of firearms, in violation of 18 U.S.C. § 922(a)(6) and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On March 6, 2002, Defendant was charged in a sixteen-count superseding indictment with: conspiracy to distribute fifty grams or more of crack cocaine and 100 grams or more of heroin, in violation of 21 U.S.C. § 846; distribution of fifty grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); distribution of 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(B); two counts of carrying or using a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c); making false statements in connection with the acquisition of firearms, in violation of 18 U.S.C. § 922(a)(6); possession of firearms by an armed career criminal, in violation of 18 U.S.C. § 922(g)(1); conspiracy to make false statements in connection with the acquisition of firearms, in violation of 18 U.S.C. § 371; and eight counts of making false statements in connection with the acquisition of firearms, all in violation of 18 U.S.C. § 922(a)(6).

On September 11, 2002, Defendant executed a written plea agreement, agreeing to plead guilty to a superseding information alleging a violation of 18 U.S.C. § 924(j), causing the death of another by use of a gun during a drug-trafficking offense. (Doc. 65, plea agreement ¶ 1). In return, the government agreed to dismiss the superseding indictment. (*Id.*). In pertinent part, the superseding information, filed on September 11, 2002, read as follows:

> On or about April 23, 2001, in Harrisburg, Dauphin County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,
>
> **ERIC CRAFT**
>
> did use a .380 caliber handgun . . . during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, the unlawful distribution of cocaine base, also known as "crack" cocaine, and conspiracy to do the same, and along with other unindicted co-conspirators did, through the use of said firearm, murder Lavelle Gamble a/k/a "Boston".
>
> All in violation of Title 18, United States Code, Section 924(j); Section 2.

2

On September 12, 2002, Defendant pled guilty to the section 924(j) offense. At that time, he also agreed to waive indictment by a grand jury and to plead to the information. (Doc. 106, guilty-plea colloquy, p. 5). On May 8, 2003, he was sentenced to 480 months of imprisonment and five years of supervised release. At the sentencing, the court raised the issue of dismissing the original and superseding indictments. Thus prompted, the prosecutor moved for their dismissal, and the indictments were dismissed. (Doc. 105, sentencing hearing, p. 14).

Defendant's direct appeal was denied. *United States v. Craft*, 139 F. App'x 372 (3d Cir. 2005)(nonprecedential), and the Supreme Court denied certiorari, 546 U.S. 995, 126 S.Ct. 592, 163 L.Ed.2d 493 (2005). Defendant then filed a motion under 28 U.S.C. § 2255, which we denied in December 2006. *United States v. Craft*, 2006 WL 3831386 (M.D. Pa.). In July 2007, the Third Circuit denied a certificate of appealability. *United States v. Craft*, No. 07-1060 (3d Cir. July 30, 2007). Since then, Defendant has filed various postconviction motions which have also been denied. *See United States v. Craft*, 471 F. App'x 89, 90 (3d Cir. 2012) (nonprecedential).

III. *Discussion*

As noted, there are several motions pending before us in which Defendant attacks his conviction and sentence. The first one (Doc. 301), styled as "Actual Innocence of Sentence," argues that his actual innocence of the sentence imposed entitles him to raise the following grounds despite any procedural obstacles now existing against a collateral attack on his conviction: (1) the prosecutor violated due process by

3

not adequately informing the court of the nature of the offense; (2) section 924(j) does not set forth a discrete crime; (3) the facts do not support a violation of 18 U.S.C. § 924(c), a requisite element for the application of section 924(j); (4) the court erred in dismissing Defendant's claim of actual innocence without allowing him the opportunity to show actual innocence; (5) in violation of Fed. R. Crim. P. 6(f), the original indictment was not presented to a magistrate judge in open court with at least twelve jurors concurring in the indictment; (6) under Fed. R. Crim. P. 7(a), Defendant could not waive the requirement of an indictment for a section 924(j) offense, which is punishable by death; and (7) the information charged Defendant with causing the death while committing a distribution offense, but the facts do not support a distribution offense, and the government cannot rely on any other drug-trafficking offense to support the information.

The next motion (Doc. 302), styled as "Independent Constitutional Claim," raises the following grounds: (1) at the guilty-plea colloquy, the court violated Fed. R. Crim. P. 11(f) by failing to explain to Defendant either the elements of the offense or the factual basis of the offense, including the particular drug-trafficking crime that was part of the offense, distribution; (2) the prosecutor and defense counsel also failed to explain the factual basis of the plea, and defense counsel failed to prepare him for the guilty-plea colloquy; (3) there was no evidence linking the firearm to the distribution element; (4) the prosecutor violated Fed. R. Crim. P. 6(f) by first securing a grand jury vote and then drafting the indictment; (5) the government failed to charge the essential elements of a section 924(j) offense involving a drug-trafficking conspiracy; (6) in deciding Defendant's

previous motions (Docs. 283 and 284) to vacate his conviction under 28 U.S.C. § 2241, the court improperly rejected sua sponte Defendant's reliance on the safety-valve provision of 28 U.S.C. § 2255 rather than allow Defendant an opportunity to argue his actual innocence; and (7) under Fed. R. Crim. P. 7(c)(3), the information prejudiced Defendant by citing the statutory offense improperly.

The next motion (Doc. 303) argues irregularities involving the grand jury: (1) the prosecutor secured a grand jury vote in violation of Fed. R. Crim. P. 6(d) before he drafted the indictment;[1] (2) in violation of Fed. R. Crim. P. 6(f), the grand jury failed to return the original indictment to a magistrate judge in open court and twelve of the jurors did not agree on the indictment; and (3) under Fed. R. Crim. P. 6(d), the prosecutor improperly appeared for the government before the grand jury when he had knowledge of the investigation.

The next motion (Doc. 306), styled as "Legal Objection Pursuant to Rule 6(d) and Violation of the Fifth Amendment/Due process Clause," raises the following grounds: (1) the prosecutor violated Fed. R. Crim. P. 6(d) by first securing a grand jury vote and then drafting the indictment which improperly constructively amended Counts I, II, and III; (2) the indictment was impermissibly broadened to include an element, drug distribution, that was not charged and which cannot sustain the conviction; (3) under Fed. R. Crim. P. 7(c)(3), Defendant was prejudiced when the statutory sections for the offense were not properly cited; (4) the court improperly allowed amendment of the indictment;

---

[1] Defendant asserts this is a jurisdictional matter that can be raised at any time.

(5) Fed. R. Civ. P. 48(a) was violated when the superseding information was filed before dismissal of the indictment; and (6) pursuant to a rule of *civil* procedure, Fed. R. Civ. P. 8(b)(6), the court has admitted Defendant's allegations by failing to address them.

The next motion is part of Doc. 308 at ECF pp. 8-30, styled as a "Subsequent Application" for relief under 28 U.S.C. § 2255, also seeks relief from the conviction and sentence. The next motion (Doc. 310) invokes 18 U.S.C. § 3582 in seeking relief from the conviction by repeating the argument that the indictment was improperly broadened by substituting distribution for possession with intent to distribute.[2] Finally, Defendant filed a motion (Doc. 311), styled as "Actual Innocence Due Process Violation," raising the following claims: (1) the prosecutor violated Fed. R. Crim. P. 6(d) by broadening Counts I, II, and III of the indictment by changing the drug-trafficking element from possession with intent to distribute to distribution after the grand jury had voted; (2) Defendant's lawyer was ineffective at the guilty-plea stage by misinforming him about the factual basis of the plea; (2) the case could not proceed once the prosecutor altered the indictment because Fed. R. Crim. P. 48(a) required a motion by the government to dismiss the indictment and the filing of the superseding information could not act as a dismissal of the indictment; (3) Defendant's right to due process was violated when the court failed to hold a hearing on whether the indictment should be dismissed

---

[2] Section 3582 is not authority for the relief sought. Section 3582 does not authorize a court to vacate a conviction or sentence. That provision deals with imposing a sentence and modifying it.

under Rule 48(a), thus leading to a Fifth Amendment violation when the prosecutor broadened the indictment.[3]

We cannot grant relief on any of the grounds raised. Defendant's argument is that we should entertain his challenges to his conviction, despite having already had a 28 U.S.C. § 2255 motion adjudicated, because he can show actual innocence of the sentence imposed. There are two problems with this argument. First, as noted in our August 24, 2012, memorandum, under Third Circuit law, *United States v. Garth*, 188 F.3d 99, 107 (3d Cir. 1999), Defendant has the burden of showing his actual innocence on the offense of conviction, not just innocence of the sentence. Second, he must also show actual innocence on any "'more serious charges' dismissed in the plea bargaining process." *United States v. Lloyd*, 188 F.3d 184, 188-89 (3d Cir. 1999)(quoted case omitted). (Doc. 287, August 24, 2012, memorandum, ECF p. 6). Defendant has failed to meet either of these burdens.

We cannot consider Defendant's claims, but we briefly touch on the main ones. First, in considering Defendant's two 28 U.S.C. § 2241 motions, we did allow him the opportunity to show his actual innocence. See Doc. 298, memorandum dated November 29, 2012. Second, under 18 U.S.C. § 3231, we had subject-matter jurisdiction over the prosecution despite any defect in the information, *see United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (202), or any failure to charge

---

[3] Defendant has also filed two motions (Docs. 304 and 305) for relief from judgment under Fed. R. Civ. P. 60(b), which we deal with by a separate order.

7

the offense by indictment rather than by information. *United States v. Hartwell*, 448 F.3d 707, 717 (4th Cir. 2006). Third, the information did charge a criminal offense, either considered as a section 924(j) offense or as one under 18 U.S.C. § 924(c), and there was a factual basis for the plea described at the guilty-plea colloquy. (Doc. 106, guilty-plea colloquy). Defendant's argument to the contrary ignores the language in the information charging him with using the firearm in relation to committing the drug-trafficking crime of conspiracy to distribute crack cocaine. Defendant's conduct satisfies section 924(j) in that regard. *See United States v. Peppers*, 302 F.3d 120, 126-27 (3d Cir. 2002).[4] Fourth, Defendant could validly waive an indictment and proceed by way of an information under Rule 7(b) even though the section 924(j) offense was punishable by death, see section 924(j)(1), as the charging document, the superseding information, did not expose Defendant to the death penalty. *See Matthews v. United States*, 622 F.3d 99, 103 (2d Cir. 2010). Fifth, since the information was valid, Defendant cannot claim that the prosecutor improperly broadened the indictment. Finally, any violations of Rule 6 had to be raised pretrial under then Rule 12(b)(1) and (2).

       We will issue an appropriate order.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: February 20, 2013

---

[4] The presentence report makes clear that the drugs stolen from the victim were packaged for resale. (PSR ¶ 18).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 1:02-CR-011-01 |
| | : |
| ERIC CRAFT, | : |
| Defendant | : |

*O R D E R*

AND NOW, this 20th day of February, 2013, it is ORDERED that Defendant's motions (Docs. 301, 302, 303, 306, 308, 310 and 311) to vacate the conviction and sentence are DISMISSED for lack of jurisdiction.

    /s/ William W. Caldwell
William W. Caldwell
United States District Judge