IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL NO. 1:CR-02-011-01 |
| | : |
| ERIC CRAFT, | :       (Judge Caldwell) |
| | : |
| Defendant | : |

*M E M O R A N D UM*

In September 2002, the pro se defendant, Eric Craft, pled guilty to an information charging him with a violation of 18 U.S.C. § 924(j), causing the death of another by use of a gun during a drug-trafficking offense. Defendant's guidelines sentencing range was 360 months to life imprisonment. In May 2003, he was sentenced to 480 months of imprisonment.

Defendant has filed a pro se motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence. He seeks a reduction to the low end of his guideline range, 360 months. In support, he argues that the power the United States Sentencing Commission has, when reducing a sentencing range and deciding whether to make it retroactive, violates the doctrine of separation of powers. As further support, he argues that Amendments 505 and 599 to the guidelines conflict with the Commission's statutory authority and are not binding.

Defendant's first argument does not assist him. It has no bearing on our authority to modify a sentence, as section 3582(c)(2), the relevant section, does not come into play here. Defendant's second argument does not assist him either.

Amendments 505 and 599 also have no bearing on Defendant's request to modify his sentence.  See *United States v. Reaves*, No. 91-CR-570, 2014 WL 2915892 (E.D. Pa. June 27, 2014), for a discussion of Amendments 505 and 599.

We advise Defendant that we cannot lower his sentence because we lack the authority to do so.  Federal courts have no inherent authority to modify a sentence at any time.  *See Dillon v. United States*, 560 U.S. 817, 819, 130 S.Ct. 2683, 2687, 177 L.Ed.2d 271 (2010)("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'")(quoting 18 U.S.C. § 3582(c)); *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007)(nonprecedential)("We note that, as a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization.")(citing *United States v. DeLeo,* 644 F.2d 300, 301 (3d Cir. 1981)).

We will issue an appropriate order.

      /s/ William W. Caldwell  
      William W. Caldwell  
      United States District Judge

Date: November 4, 2014