IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL NO. 1:CR-02-011-01 |
| | : |
| ERIC CRAFT, | : (Judge Caldwell) |
| | : |
| Defendant | : |

*M E M O R A N D U M*

I.  *Introduction*

In September 2002, the pro se defendant, Eric Craft, pled guilty to an information charging him with a violation of 18 U.S.C. § 924(j), causing the death of another by use of a gun during a drug-trafficking offense. He was sentenced to 480 months of imprisonment and five years of supervised release. We have pending before us Defendant's motion (Doc. 462) for leave of court to file a 28 U.S.C. § 2241 petition.[1] The 2241 petition is attached to the motion as Doc. 462-1.

The petition attacks Defendant's conviction and sentence, relying on *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2552, 192 L.Ed.2d 569 (2015). In *Johnson*, the Supreme Court struck down as unconstitutionally vague under the Fifth Amendment the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) defining a "violent felony,"

---

[1] By order of March 25, 2015, Defendant was enjoined from filing any more documents unless he also moved for permission to do so and certified, in relevant part, that he was presenting a new claim.

a clause used for the purpose of imposing an increased sentence under 18 U.S.C. § 924(e)(1). *Id.* at ___, 135 S.Ct. at 2557.

We will grant the motion for leave to file the 2241 petition, and will treat the petition as having already been filed. We will dismiss the petition for lack of jurisdiction as Defendant had available to him a motion under 28 U.S.C. § 2255 by way of gaining the approval of the Third Circuit to file a second or successive 2255 motion.

II. *Background*

Defendant was named in an original and then in a superseding indictment. On September 11, 2002, he executed a written plea agreement, agreeing to plead guilty to a superseding information alleging a violation of 18 U.S.C. § 924(j), causing the death of another by use of a gun during a drug-trafficking offense. (Doc. 65, plea agreement ¶ 1).[2] In return, the government agreed to dismiss the superseding indictment. (*Id.*). In pertinent part, the superseding information, filed on September 11, 2002, read as follows:

> On or about April 23, 2001, in Harrisburg, Dauphin County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,
>
> **ERIC CRAFT**
>
> did use a .380 caliber handgun . . . during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, the unlawful distribution of cocaine base, also known as "crack" cocaine,

---

[2] In pertinent part, section 924(j) makes it illegal to murder someone "in the course of a violation of" 18 U.S.C. § 924(c). In pertinent part, subsection (c) of section 924 makes it illegal "during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States" to use or carry a firearm. 18 U.S.C. § 924(c)(1)(A).

2

and conspiracy to do the same, and along with other unindicted co-conspirators did, through the use of said firearm, murder Lavelle Gamble a/k/a "Boston".

All in violation of Title 18, United States Code, Section 924(j); Section 2.

On September 12, 2002, Defendant pled guilty to the section 924(j) offense. At that time, he also agreed to waive indictment by a grand jury and to plead to the information. (Doc. 106, guilty-plea colloquy, p. 5). On May 8, 2003, he was sentenced to 480 months of imprisonment and five years of supervised release.

Defendant's direct appeal was denied. *United States v. Craft,* 139 F. App'x 372 (3d Cir. 2005)(nonprecedential), and the Supreme Court denied certiorari, 546 U.S. 995, 126 S.Ct. 592, 163 L.Ed.2d 493 (2005). Defendant then filed a motion under 28 U.S.C. § 2255, which we denied in December 2006. *United States v. Craft,* 2006 WL 3831386 (M.D. Pa.). In July 2007, the Third Circuit denied a certificate of appealability. *United States v. Craft,* No. 07–1060 (3d Cir. July 30, 2007). Since then, Defendant has filed various postconviction motions which have also been denied. *See United States v. Craft,* 471 F. App'x 89, 90 (3d Cir. 2012) (nonprecedential).

III. *Discussion*

We have no jurisdiction to consider the 2241 petition. Defendant relies on section 2255's safety valve, 28 U.S.C. § 2255(e), which makes section 2241 available if section 2255 is "inadequate or ineffective." The Supreme Court has stated that *Johnson* established a new substantive rule that applies retroactively to cases on collateral review.

*Welch v. United States*, ___ U.S. ___, ___, 136 S.Ct. 1257, 1265, 194 L.Ed.2d 387 (2016). Section 2255 was therefore not inadequate or ineffective as Defendant could have sought approval from the Third Circuit to file a second 2255 motion. *See* 28 U.S.C. § 2255(h).[3]

The 2241 petition could be transferred to the court of appeals to act as an application to file a second 2255 motion. Approval could be granted for such a motion on the basis that it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

The difficulty is, as we noted in our memorandum of June 7, 2016, *Johnson* has no bearing on Defendant's case. As noted, *Johnson* struck down the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) defining a "violent felony" for the purpose of the increased sentence authorized by 18 U.S.C. § 924(e)(1). As Defendant points out, there is a counterpart to the residual clause in section 924(c)(3)(B) described as a "crime of violence," but this provision played no role in Defendant's conviction or sentence.

---

[3] We cannot construe the 2241 petition as a 2255 motion because Defendant has already had a section 2255 motion adjudicated. Section 2555's gatekeeping provision, 28 U.S.C. § 2255(h), deprives us of jurisdiction to consider a second or successive 2255 motion, unless a defendant has first obtained a certificate from the court of appeals authorizing him to file a second or successive motion. *See Pelullo v. United States,* 352 F. App'x 620, 625 (3d Cir. 2009)(nonprecedential).

Defendant was convicted for using a firearm during a drug-trafficking crime, not as he alleges, for conspiracy to commit robbery.[4]

We will issue an appropriate order. We will not issue a certificate of appealability since Petitioner has the right to appeal our order to the Third Circuit without a certificate. *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009).

                                                 /s/William W. Caldwell
                                                 William W. Caldwell
                                                 United States District Judge

May 10, 2017

---

[4] The career offender guidelines at U.S.S.G. § 4B1.2(a)(2) also have language similar to the residual clause in section 924(e)(2)(B)(ii), but the Supreme Court has held that no vagueness challenge can be made to the sentencing guidelines. *Beckles v. United States*, ___ U.S. ___, ___, 137 S.Ct. 886, 890, 197 L.Ed.2d 145 (2017).

5