IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
:
v.  : CRIMINAL NO. 1:CR-02-011-01
:
ERIC CRAFT,  : (Judge Caldwell)

Defendant  :

*M E M O R A N D U M*

In September 2002, the pro se defendant, Eric Craft, pled guilty in this court to an information charging him with a violation of 18 U.S.C. § 924(j), causing the death of another on or about April 23, 2001, by the use of a gun during a drug-trafficking offense. Defendant recently filed the following: (1) a petition (Doc. 465) for a writ of audita querela; and (2) what appears to be a motion (Doc. 466) to vacate his conviction, but which does not mention 28 U.S.C. § 2255.

Both filings are based on Defendant's contention that *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2552 (2015), applies to his case. *Johnson* struck down as unconstitutionally vague the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) defining a "violent felony." As part of his argument, Defendant mistakenly asserts he was found guilty of conspiracy to commit robbery and that the prior convictions that resulted in his

classification as a career offender under U.S.S.G. § 4B1.1 were crimes of violence.[1]  He also makes certain other erroneous factual assertions.

Defendant asks that we stay consideration of the filings while certain cases having *Johnson*-like issues proceed through the courts.  We see no need for a stay as Defendant's case does not involve any *Johnson* issues and his requests for relief can be denied.[2]

Our memorandums of June 7, 2016, (Doc. 456) and May 10, 2017, *United States v. Craft*, 2017 WL 1928323, at *2 (M.D. Pa.), explain why Defendant has no claim based on *Johnson*.  As we said in the June 7 memorandum:

> The difficulty is that *Johnson* has no bearing on Defendant's case.  As noted, *Johnson* struck down the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) defining a "violent felony" for the purpose of the increased sentence authorized by 18 U.S.C. § 924(e)(1).  There are counterparts to the residual clause in section 924(c)(3)(B) and in the career offender guidelines at U.S.S.G. § 4B1.2(a)(2), both described as a "crime of violence," but these played no role in Defendant's conviction or sentence.  Defendant was convicted for using a firearm during a drug-trafficking crime, and he was designated a career offender under the Guidelines for two prior felony convictions for controlled substance offenses.  (PSR ¶ 42).

---

[1]  In Defendant's view, that the prior convictions were crimes of violence also makes them subject to a *Johnson* challenge.  *See Beckles v. United States*, ___ U.S. ___, ___, n.4, 137 S.Ct. 886, 903 n.4 (2017)(Sotomayor J., concurring).  However, Defendant was a career offender in part because he had two prior convictions for controlled substance offenses, not for crimes of violence.  (PSR ¶ 41).

[2]  The motion to vacate raises other issue besides *Johnson*, issues that should have been raised in a 2255 motion, but since Defendant has already had a 2255 motion adjudicated, we lack jurisdiction to consider those claims.  See 28 U.S.C. § 2255(h).

(Doc. 456, slip op. at 4-5). *See also In re Craft*, C.A. No. 17-2272 (3d Cir. Jun. 26, 2017)(denying Craft permission to file a second or successive 2255 motion based on *Johnson* because his conviction related to a drug trafficking crime, not a crime of violence).

Defendant points to his plea agreement, where he agreed to plead guilty to a violation of section 924(j), described in the agreement as "causing the death of another by use of a gun during a crime of violence or drug trafficking crime." (Plea agreement ¶ 1). A person can violate section 924(j) by using a firearm during a crime of violence, as well as by using it during a drug trafficking crime. *Craft*, *supra*, 2017 1928323, at *1 n.2. Nonetheless, what counts here is the information to which Defendant pled guilty, causing the death of another by the use of a gun during a drug-trafficking offense.

The same reasoning applies to his claim that he was charged with conspiracy to commit robbery by robbing the victim of his drugs and that conspiracy is not a crime of violence. Defendant and his accomplices did rob the victim of his drugs. *United States v. Craft*, 2012 WL 12965267, at *2 n.1 (M.D. Pa. Aug. 24, 2012), but

3

Defendant was not charged with conspiracy to commit robbery.

        We will issue an appropriate order.[3]

                                               /s/ William W. Caldwell
                                              William W. Caldwell
                                              United States District Judge

Date: October 5, 2017

---

[3] Defendant filed his documents in violation of the order of March 25, 2015 (Doc. 435) imposing conditions on Defendant's filing of documents in this case. The order requires him to file a motion seeking leave of court to file the proposed document and attach the document as an exhibit to the motion seeking leave. Here, Defendant has done the reverse, filing the document and attaching the motion for leave at the back of it. Plaintiff must strictly adhere to the requirements of the order.