IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      :
                               :
           v.                  : CRIMINAL NO. 1:CR-02-011-01
                               :
ERIC CRAFT,                    :      (Judge Caldwell)
                               :
           Defendant           :

*M E M O R A N D U M*

I.  *Introduction*

Pursuant to requirements placed on him by the order of May 7, 2013 (Doc. 346) the pro se defendant, Eric Craft, has filed a motion (Doc. 471) for permission to file a document (Doc. 472) he has styled as a "memorandum in support of 2255(e) actual innocence motion." The memorandum challenges his conviction under 18 U.S.C. § 924(j), causing the death of another by use of a gun during a drug-trafficking offense. We will permit him to file the memorandum, which we will treat as his motion. However, we will deny relief.

II. *Background*

Defendant was named in an original and then in a superseding indictment. On September 11, 2002, he executed a written plea agreement, agreeing to plead guilty to a superseding information alleging a violation of 18 U.S.C. § 924(j), causing the death of another by use of a gun during a drug-trafficking offense. (Doc. 65, plea agreement ¶

1).[1] In return, the government agreed to dismiss the superseding indictment. (*Id.*). In pertinent part, the superseding information, filed on September 11, 2002, read as follows:

> On or about April 23, 2001, in Harrisburg, Dauphin County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,
>
> **ERIC CRAFT**
>
> did use a .380 caliber handgun . . . during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, the unlawful distribution of cocaine base, also known as "crack" cocaine, and conspiracy to do the same, and along with other unindicted co-conspirators did, through the use of said firearm, murder Lavelle Gamble a/k/a "Boston".
>
> All in violation of Title 18, United States Code, Section 924(j); Section 2.

On September 12, 2002, Defendant pled guilty to the section 924(j) offense. At that time, he also agreed to waive indictment by a grand jury and to plead to the information. (Doc. 106, guilty-plea colloquy, p. 5). On May 8, 2003, he was sentenced to 480 months of imprisonment and five years of supervised release.

Defendant's direct appeal was denied. *United States v. Craft,* 139 F. App'x 372 (3d Cir. 2005)(nonprecedential), and the Supreme Court denied certiorari, 546 U.S. 995, 126 S.Ct. 592, 163 L.Ed.2d 493 (2005). Defendant then filed a motion under 28 U.S.C. § 2255, which we denied in December 2006. *United States v. Craft,* 2006 WL

---

[1] In pertinent part, section 924(j) makes it illegal to murder someone "in the course of a violation of" 18 U.S.C. § 924(c). In pertinent part, subsection (c) of section 924 makes it illegal "during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States" to use or carry a firearm. 18 U.S.C. § 924(c)(1)(A).

3831386 (M.D. Pa.). In July 2007, the Third Circuit denied a certificate of appealability. *United States v. Craft,* No. 07–1060 (3d Cir. July 30, 2007). Since then, Defendant has filed numerous postconviction motions which have also been unsuccessful.[2]

III. *Discussion*

As justification for his current postconviction motion, Defendant argues he is actually innocent of the crime of conviction. Since he is actually innocent, he contends that under *Bousley v. United States*, 523 U.S. 614, 623 (1998), the court can excuse his procedural default and address his claims. (Doc. 472, ECF p. 1). Defendant also relies on *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997. In *Dorsainvil*, the Third Circuit held that a 28 U.S.C. § 2241 petition was available to a defendant who had no earlier opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in substantive law. *Id.* at 251-52.

"To establish actual innocence, [a] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *United States v. Davies*, 394 F.3d 182, 191 (3d Cir. 2005)(internal quotation marks and quoted cases omitted). "New reliable evidence is almost always required to establish actual innocence." *Id.* (internal quotation marks and quoted case omitted). However, "in certain circumstances, the lack of new evidence is not necessarily fatal to an argument that a petitioner is actually innocent." *Id.* (internal quotation marks

---

[2] Thus leading to the order of May 7, 2013, which requires him to seek permission before filing a document challenging his conviction.

and quoted case omitted). Actual innocence may be demonstrated "by pointing to post-conviction decisions "'holding that a substantive criminal statute does not reach [his] conduct.'" *Id.* (quoted case omitted).

We will deny the motion. First, Defendant does not identify a proper postconviction motion by which he can pursue his claims. He styles the current motion as one under 28 U.S.C. § 2255(e) as a "2255(e) actual innocence motion." However, section 2255(e) is not a substantive vehicle for seeking postconviction relief. Instead, it is the so-called safety-valve provision which allows a petitioner to pursue a 28 U.S.C. § 2241 petition if section 2255(a) "is inadequate or ineffective to test the legality of his detention." *Dorsainvil*, 119 F.3d at 251. But section 2241 is not available because it can only be invoked by a defendant who had no earlier opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in substantive law. *Sterling v. Ebbert*, No. 15-CV-2380, 2017 WL 5450748, at *3 (M.D. Pa. Nov. 14, 2017)("The Third Circuit has only applied the savings clause in the rare situation where an intervening change in law has decriminalized the actions underlying the prisoner's conviction.")(Caldwell, J.). Here, Defendant does not rely on an intervening change in substantive law.

Actual innocence "serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). If a petitioner satisfies the actual innocence exception, it permits consideration of constitutional claims that might

4

otherwise be barred by a procedural default. *Id.* The petitioner must therefore be presenting claims by way of a proper postconviction motion or petition. For example, in *McQuiggin*, if the defendant showed actual innocence, it would allow him to pursue claims presented in an otherwise untimely 2254 petition. In *United States v. Davies*, 394 F.3d 182, 197 (3d Cir. 2005), a case Defendant cites, a showing of actual innocence overcame the procedural default of one claim in a section 2255 motion, permitting the defendant to litigate that claim on the merits. Here, Defendant has not filed a proper postconviction motion raising cognizable claims that he asserts may be considered under the actual innocence exception. Instead, he has presented those claims directly as grounds to vacate his conviction. That is not the role of the actual innocence exception. We add that the Supreme Court "has not yet recognized the existence of a freestanding claim of actual innocence." *Wright v. Superintendent Somserset SCI*, 601 F. App'x 115, 119 (3d Cir. 2015)(nonprecedential).

As we have advised Defendant in the past, a postconviction challenge to a conviction is normally by way of section 2255, *see Taylor v. Holt*, 309 F. App'x 591, 594 (3d Cir. 2009)(nonprecedential), but Defendant cannot rely on section 2255 because he has already had a section 2255 motion adjudicated. Section 2555's gatekeeping provision, 28 U.S.C. § 2255(h), deprives us of jurisdiction to consider a second or successive 2255 motion, unless a defendant has first obtained a certificate from the court of appeals authorizing him to do so. *See Pelullo v. United States,* 352 F. App'x 620, 625 (3d Cir. 2009)(nonprecedential).

5

Invoking section 2241 does not assist Defendant either. As we noted above, a section 2241 petition is only available to a defendant who had no earlier opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in substantive law. Defendant is not making such an assertion. Further, a section 2241 petition must be filed in the district where the petitioner's custodian is located. *See Tsoukalas v. United States,* 215 F. App'x 152, 152 (3d Cir. 2007)(nonprecedential)(citing *Rumsfeld v. Padilla,* 542 U.S. 426, 442 (2004)). Defendant is currently confined at USP-Lee in Virginia.

Moreover, in any event, Defendant's claims do not involve actual innocence. He claims he is actually innocent of the offense on the following grounds. First, the superseding information fails to allege a conspiracy under 21 U.S.C. § 846 or a conspiracy to commit murder. Second, the information failed to charge scienter for a 21 U.S.C. § 841 offense since the information only cited the words but not the statutory language of section 841(a)(1). Third, the information failed to allege that Defendant acted knowingly or intentionally. Fourth, the information required proof that Defendant conspired to knowingly use and carry a firearm during and in relation to a drug trafficking crime.

None of these claims are for actual innocence. They instead challenge alleged defects in the information. Thus, even if actual innocence claims could be the grounds for vacating a conviction, we would not do so here.

Further, Defendant argues that the failure to allege a section 846 conspiracy means that the court lacked subject matter jurisdiction over the case. We reject this argument, and any argument that any other alleged defect in the information deprived us of subject matter jurisdiction. Under 18 U.S.C. § 3231, we had subject-matter jurisdiction over the prosecution despite any defect in the information, *see United States v. Cotton,* 535 U.S. 625, 630 (2002), although we disagree with Defendant that the information was defective. We reject Defendant's attempt to distinguish *Cotton*. As part of that attempt, Defendant argues that *Cotton* dealt with the omission of only one element of the offense while Defendant asserts that the information here charged conduct that was entirely outside the scope of section 924(j). We disagree with Defendant that the information fails to charge an offense under section 924(j).

Defendant also argues that his trial counsel was ineffective in failing to object to the missing elements to prove conspiracy. This is a claim that should have been raised in Defendant's 2255 motion. As noted above, we have no jurisdiction to consider it now. In any event, the claim lacks merit. Defendant also complains that the trial court failed to charge 21 U.S.C. §§ 846 and 841, which "effectively removed from the jury the required instructions to prove the conspiracy to commit murder." (Doc. 472, ECF p. t22). This claim lacks merit. Defendant was not charged with conspiracy to commit murder, although a murder conspiracy was how Defendant committed the offense of causing the death of another by use of a gun during a drug-trafficking offense.

Additionally, Defendant pled guilty so there would have been no need for jury instructions.

    We will issue an appropriate order.


        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge

Date: January 16, 2018