# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | No. 1:02-CR-0011-01 |
|---|---|---|
| | : | |
| | : | (Judge Brann) |
| v. | : | |
| ERIC CRAFT, | : | |
| Defendant | : | |

# MEMORANDUM OPINION

# JUNE 27, 2018

The pro se defendant, Eric Craft ("Defendant"), an inmate at USP Lee, Jonesville, Virginia, has filed a motion[1] under Fed. R. Civ. Pro. 60(b) seeking relief from the Order of January 16, 2018.[2] That Order denied Defendant's "memorandum in support of 2255(e) actual innocence motion."[3] The memorandum challenged Defendant's September 2002 conviction under 18 U.S.C. § 924(j), causing the death of another by using a gun during a drug-trafficking offense.[4]

---

[1] ECF No. 477.

[2] ECF No. 474.

[3] ECF No. 472. The memorandum was treated as a motion.

[4] In pertinent part, section 924(j) makes it illegal to murder someone "in the course of a violation of" 18 U.S.C. § 924(c). In pertinent part, subsection (c) of section 924 makes it illegal "during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States" to use or carry a firearm. 18 U.S.C. § 924(c)(1)(A).

## I. BACKGROUND[5]

On January 16, 2002, Defendant was charged in a two-count indictment with making false statements in connection with the acquisition of firearms, in violation of 18 U.S.C. § 922(a)(6) and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[6] On March 6, 2002, Defendant was charged in a sixteen-count superseding indictment as follows: in Count I, conspiracy to distribute fifty grams or more of crack cocaine and 100 grams or more of heroin, in violation of 21 U.S.C. § 846; in Count II, distribution of fifty grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); in Count III, distribution of 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); in Counts IV and V, carrying or using a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c); in Count VI, making false statements in connection with the acquisition of firearms, in violation of 18 U.S.C. § 922(a)(6); in Count VII, possession of firearms by an armed career criminal, in violation of 18 U.S.C. § 922(g)(1); in Count VIII, conspiracy to make false statements in connection with the acquisition of firearms, in violation of 18 U.S.C. § 371; and in Counts IX through XVI, eight counts of

---

[5] This case was previously assigned to the Hon. William W. Caldwell. On May 11, 2018, it was reassigned to the undersigned.

[6] ECF No. 7.

making false statements in connection with the acquisition of firearms, all in violation of 18 U.S.C. § 922(a)(6).[7]

In September 2002, Defendant executed a written plea agreement, agreeing to plead guilty to a superseding information alleging a violation of 18 U.S.C. § 924(j), causing the death of another by use of a gun during a drug-trafficking offense.[8] In return, the Government agreed to dismiss the superseding indictment.[9] In pertinent part, the superseding information read as follows:

> On or about April 23, 2001, in Harrisburg, Dauphin County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,
> **ERIC CRAFT**
>
> did use a .380 caliber handgun ... during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, the unlawful distribution of cocaine base, also known as "crack" cocaine, and conspiracy to do the same, and along with other unindicted co-conspirators did, through the use of said firearm, murder Lavelle Gamble a/k/a "Boston".
> All in violation of Title 18, United States Code, Section 924(j); Section 2.[10]

On September 12, 2002, Defendant pled guilty to the section 924(j) offense.[11] In May 2003, he was sentenced to 480 months of imprisonment (forty

---

[7] ECF No. 15.

[8] ECF No. Doc. 65, plea agreement ¶ 1.

[9] *Id.*

[10] ECF No. 62.

[11] ECF No. 67.

years) and five years of supervised release.[12]  The presentence report (PSR) calculated a guideline range of 360 months to life imprisonment for the offense.[13]  In regard to the counts of the superseding indictment, the PSR also noted that if Defendant had been convicted of counts I through III and VI through XVI of that indictment, his guideline range would have been the same,[14] but a conviction on count IV of the superseding indictment would have added a mandatory five-year consecutive sentence and on count V a mandatory twenty-five year consecutive sentence "for a total sentence of at least sixty years."[15]

In 2005, the United States Court of Appeals for the Third Circuit denied Defendant's direct appeal,[16] and the Supreme Court denied certiorari.[17]  In November 2005, Defendant filed a motion under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence on various grounds.[18]  In December 2006, the Court denied the motion.[19]  In July 2007, the Third Circuit denied Defendant a certificate of appealability.[20]

---

[12] ECF No. 94.

[13] PSR ¶ 85.

[14] PSR ¶ 86.

[15] *Id.*

[16] *United States v. Craft*, 139 F. App'x 372 (3d Cir. 2005) (nonprecedential).

[17] *Craft v. United States*, 546 U.S. 995 (2005).

[18] ECF No. 116.

[19] *United States v. Craft*, 2006 WL 3831386 (M.D. Pa. Dec. 28, 2006).

[20] *United States v. Craft*, No. 07-1060 (3d Cir. July 30, 2007).

Since then, Defendant has filed various postconviction motions which have also been denied. As relevant here, Defendant filed two motions under 28 U.S.C. § 2241 in July and August 2012.[21] Among other claims, both motions contended that he should be released because he was actually innocent of the crime of conviction as there were "no facts showing that he used the firearm during and in relation to the drug-trafficking offense charged in the superseding indictment, an offense charging him with distribution, and conspiracy to distribute, crack cocaine."[22]

Defendant argued that he could invoke section 2241 for two principal reasons. First, he could invoke it by way of section 2255(e), that section's safety-valve provision, which allows resort to section 2241 if section 2255 is "inadequate or ineffective to test the legality of his detention."[23] Defendant said he was in the

---

[21] ECF Nos. 283 and 284.

[22] *United States v. Craft*, 2012 WL 12965267, at *2 (M.D. Pa. Aug. 24, 2012). In that memorandum, the Court noted that the guilty-plea colloquy and the PSR provided the following background:

> Defendant had two accomplices. One of them arranged a meeting with the victim, a drug dealer, to buy crack cocaine. However, the three perpetrators had arranged this meeting not to buy cocaine but to rob the victim of his money and drugs instead. During the course of the robbery, Defendant shot the victim in the back of the head. The stolen drugs were repackaged for sale.

*Id.* at *2 n.1. The last sentence and the location of the shot in the back of the head come from the PSR. PSR ¶¶ 16 and 18. The other information comes from the prosecutor's remarks at the guilty-plea colloquy. ECF No. 106 at 10-11.

[23] 28 U.S.C. § 2255(e); *Craft*, 2012 WL 12965267, at *2.

same situation as the defendant in *In re Dorsainvil*,[24] who was allowed to use section 2241 to make a claim that he was factually innocent of the offense of conviction even though he had filed a previous section 2255 motion.[25]

Second, Defendant contended that he could rely on section 2241 to present his claims because he was actually innocent of the section 924(j) offense, and actual innocence excuses any procedural default in not raising a claim earlier.[26]

The Court rejected reliance on *Dorsainvil* because that defendant was allowed to proceed in that case under section 2241 on the basis of an intervening change in the law, a change coming after the defendant's section 2255 motion had been adjudicated. Conversely, there was no change in the law in Defendant's case.[27]

On the claim of actual innocence permitting reliance on section 2241, the Court stated:

> Procedural default can be excused if a defendant shows actual innocence. *United States v. Garth*, 188 F.3d 99, 107 (3d Cir. 1999). Defendant has the burden of showing his actual innocence not only on the offense of conviction but also on any "'more serious charges' dismissed in the plea bargaining process." *United States v. Lloyd*, 188 F.3d 184, 188-89 (3d Cir. 1999)(quoting

---

[24] 119 F.3d 245 (3d Cir. 1997).

[25] *Craft*, 2012 WL 12965267, at *2.

[26] *Id.* at *3.

[27] *Id.*

> *Bousley v. United States*, 523 U.S. 614, 624, 118 S.Ct. 1604, 1612, 140 L.Ed.2d 828 (1998)).[28]

The Court rejected the actual innocence argument because Defendant had only tried to show that he was actually innocent of the offense of conviction and not of two more serious charges as defined in *Lloyd*,[29] Counts IV and V, dismissed as part of the plea bargaining process.[30] His 2241 motions were dismissed for lack of jurisdiction.[31]

In a later filing, which included a motion the Court construed as coming under section 2241, Defendant tried to show his actual innocence of the more serious charges as well; but the Court ruled that he had failed to do so.[32]

On appeal from that ruling, the Third Circuit affirmed. On the 2241 motion, our Court of Appeals first noted that since Defendant was not incarcerated in the Middle District at the time he filed that motion, the court lacked jurisdiction over it.[33] The Third Circuit stated that the 2241 motion could have been transferred to the Western District of Pennsylvania, where Defendant was confined, "but doing so would have been futile."[34]

---

[28] *Id.*

[29] 188 F.3d at 189 n.13.

[30] *Id.*

[31] *Id.*

[32] *United States v. Craft*, 2012 WL 12897374, at *2 (M.D. Pa. Nov. 29, 2012).

[33] *United States v. Craft*, 514 F. App'x 91, 93 (3d Cir. 2013)(nonprecedential).

[34] *Id.*

The Court of Appeals noted that since Defendant was seeking vacatur of his conviction and sentence, he should have invoked section 2255, but he had already had a 2255 motion adjudicated, and he did not meet the conditions for the filing of a second or successive motion.[35] The court observed that under *Dorsainvil* a defendant could rely on section 2241 when section 2255 was unavailable, but that *Dorsainvil* applied to a claim that an intervening change in the law had rendered the defendant's conduct noncriminal, and Defendant was not asserting a change in the law as a ground for his motion.[36] The Court of Appeals stated:

> Therefore, to proceed under § 2241, he must demonstrate actual innocence not only on the offense of conviction but also on any "'more serious charges' dismissed in the plea bargaining process." *United States v. Lloyd*, 188 F.3d 184, 189 (3d Cir. 1999) (citing *Bousley v. United States*, 523 U.S. 614, 624, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).[37]

The Third Circuit concluded that the Defendant had failed to show actual innocence of the offense of conviction or of the two more serious charges, Counts

---

[35] *Id.* A defendant may file a second or successive 2255 motion if it contains: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

[36] *Craft*, 514 F. App'x at 93.

[37] *Id.* at 93-94.

IV and V, dismissed as part of the plea bargain, along with the other counts of the superseding indictment.[38] He therefore could not proceed under section 2241.

Defendant has made other filings, but I focus now on the one at issue here, Defendant's "memorandum in support of 2255(e) actual innocence motion."[39] The memorandum was treated as a motion and denied for the following reasons.[40] First, Defendant did not identify a proper postconviction motion by which he could pursue his claims. He filed the motion under section 2255(e), but section 2255(e) is not a substantive vehicle for seeking postconviction relief. Instead, it is the so-called safety-valve provision which allows a petitioner to pursue a 28 U.S.C. § 2241 petition if section 2255(a) "is inadequate or ineffective to test the legality of his detention."[41] Actual innocence has not been recognized as a free-standing claim,[42] and there was no other motion that could have been used.[43] Second, if

---

[38] *Id.* at 94.

[39] ECF No. 472.

[40] I observe that Defendant first filed a motion for leave to file the 2255(e) memorandum. ECF No. 471. Defendant has been required to seek permission to file documents because of his excessive filings. Defendant was granted permission to file his 2255(e) memorandum under the order of May 7, 2013. (ECF No. 346). This was a mistake because the limitations on Defendant's filings are now governed by order of March 25, 2015. (ECF No. 435). The latter order is far larger in scope. Nonetheless, permission would have been granted under the March 25, 2015 order. And I do not require permission to file the current Rule 60(b) motion since it relates to the section 2255(e) memorandum.

[41] *United States v. Craft*, 2018 WL 435209, at *2 (M.D. Pa. Jan. 16, 2018)(quoting *Dorsainvil*, 119 F.3d at 251).

[42] *Id.* at *2; citing *Wright v. Superintendent Somerset SCI*, 601 F. App'x 115, 119 (3d Cir. 2015)(nonprecedential).

[43] *Id.* at *3.

considered as a section 2241 petition, it had to be filed in the district where Defendant's custodian is located, and Defendant is now located at USP Lee, Virginia.[44] Third, none of Defendant's claims involved actual innocence. They instead challenged alleged defects in the information.[45] Fourth, contrary to Defendant's understanding, defects in an information are not jurisdictional and do not deprive a court of subject-matter jurisdiction over the case.[46] Fifth, the claim that trial counsel was ineffective in not objecting to the missing elements to prove conspiracy was meritless in part because the claim should have been raised in Defendant's 2255 proceedings.[47] Sixth, the claim that the Court effectively removed from the jury the required instructions to prove the conspiracy to commit murder was also meritless in part as Defendant pled guilty, so there was no need for jury instructions.[48]

## II. ANALYSIS

Defendant has filed a motion[49] under Fed. R. Civ. P. 60(b)(6) for relief from the Order of January 16, 2018,[50] denying his motion invoking section 2255(e).[51]

---

[44] *Id.*

[45] *Id.*

[46] *Id.*; citing *United States v. Cotton*, 535 U.S. 625, 630 (2002).

[47] *Id.* at *3.

[48] *Id.*

[49] ECF No. 477.

[50] ECF No. 474.

He seeks "to reopen his 2255(e) proceedings . . . so that the merits of his 'actual innocence'/'Jurisdictional Defects' claims can be considered in the first instance."[52] He asserts that Rule 60(b)(6) can be used to challenge the Court's failure to address the claims on the merits and when a Rule 60(b)(6) motion seeks such relief, it is not a second or successive 2255 motion.

Rule 60(b) applies in habeas cases,[53] and can be invoked when the defendant asserts that the court failed to decide a habeas claim.[54] Rule 60(b)(6) allows relief from a judgment for "any other reason that justifies relief."[55] In general, under Rule 60(b)(6) the movant must show "extraordinary circumstances" justifying relief.[56] Extraordinary circumstances require a showing that without relief from the judgment, "an extreme and unexpected hardship will result."[57] Defendant contends he satisfies both of these conditions.[58] I disagree.

I decline to grant relief under Rule 60(b)(6). Rule 60(b)(6) applies to a habeas petition or motion but only to one that is properly filed. Defendant seeks

---

[51] ECF No. 472.

[52] Rule 60(b) Motion (ECF No. 477) at 1-2.

[53] *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005).

[54] *Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006)(dealing with a Rule 60(b)(6) motion).

[55] Fed. R. Civ. P. 60(b)(6).

[56] *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014)(nonprecedential)(cited case omitted).

[57] *Id.* (quoted case and internal quotation marks omitted).

[58] Rule 60(b) Motion (ECF No. 477) at 13.

relief from an order denying him habeas relief on what he describes as a section 2255(e) memorandum (or motion). As noted in the Court's January 16, 2018 memorandum however, section 2255(e) is not a substantive vehicle for seeking postconviction relief. Instead, as discussed above, it is the so-called safety-valve provision which allows a petitioner to pursue a 28 U.S.C. § 2241 petition if section 2255(a) "is inadequate or ineffective to test the legality of his detention."[59] The Court need not provide relief from an order denying an improperly filed motion.

Additionally, in his Rule 60(b) motion, Defendant essentially repeats the arguments he made in his section 2255(e) motion. Defendant claims to be actually innocent because of defects in the information. Specifically, he claims the information failed to allege: (1) a federal offense under 21 U.S.C. § 846;[60] (2) a federal offense under 21 U.S.C. § 841;[61] and (3) that Defendant knowingly and intentionally conspired with others.[62] As he did in the section 2255(e) memorandum, he contends these defects are jurisdictional,[63] and as jurisdictional defects they deprived the Court of jurisdiction over the case, and could never be

---

[59] *United States v. Craft*, 2018 WL 435209, at *2 (M.D. Pa. Jan. 16, 2018)(quoting *Dorsainvil*, 119 F.3d at 251).

[60] Rule 60(b) Motion (ECF No. 477) at 4, 16.

[61] *Id.*

[62] *Id.*

[63] *Id.* at 5.

waived.[64] He also repeats the assertion that the defects mean that the information failed to state an offense.[65]

I conclude that any defects in the information, if indeed any exist, do not establish actual innocence. As noted in the January 16, 2018 memorandum, actual innocence requires Defendant to provide evidence,[66] not just a critique of the information. Next, although Defendant contends that defects in the information deprive the Court of jurisdiction, citing *United States v. Peter*,[67] the Court concludes that such defects do not affect my jurisdiction over the case.[68]

In moving for relief from the Order of January 16, 2018, Defendant also invokes Rule 60(b)(4). That Rule allows relief from a "void" judgment.[69] Defendant contends the Order is void because the Court violated due process in entering it.[70] I disagree. In issuing the Order, the Court simply ruled on a motion,

---

[64] *Id.* at 8.

[65] *Id.* at 10.

[66] Craft, 2018 WL 435209, at *2; citing *United States v. Davies*, 394 F.3d 182, 191 (3d Cir. 2005).

[67] 310 F.3d 709, 714 (11th Cir. 2002)(jurisdictional defect arises when an indictment charges conduct that does not violate the charging statute).

[68] *United States v. Cotton*, 535 U.S. 625, 630 (2002); *United States v. Stevenson*, 832 F.3d 412, 426 (3d Cir. 2016)(defects in indictments are not jurisdictional)(citing *Cotton*).

[69] Fed. R. Civ. P. 60(b)(4).

[70] Rule 60(b) Motion (ECF No. 477) at 4, 6, 7.

the so-called "2255(e) motion," attempting to invoke the Court's habeas jurisdiction.[71]

The Court notes that Defendant overlooks the current procedural posture of the case. He has had a direct appeal decided and a 28 U.S.C. § 2255 motion adjudicated. Leaving aside whether he can properly bring his actual innocence claim before the Court, in these circumstances it is not enough to show actual innocence of the offense of conviction if he wants relief; instead, he must also show, as the Third Circuit concluded, his actual innocence of the "more serious charges" in the superseding indictment the Government agreed not to prosecute in return for the guilty plea.[72] Defendant has made no attempt to show his actual innocence on those charges.

Finally, I note that Defendant seeks to amend his Rule 60(b) motion to add a motion to dismiss the superseding information under Fed. R. Crim. P. 11 based on lack of jurisdiction. I decline to grant the motion. First, pursuant to the Order of March 25, 2015 (ECF No. 435), Defendant had to first file a motion for permission to file the motion to withdraw his guilty plea. Second, in any event, the motion

---

[71] The Court would have jurisdiction at the very least under 28 U.S.C. § 1331, which confers jurisdiction on the district courts for civil actions involving federal law. Habeas proceedings are civil in nature. *Mojica v. Garman*, No. 18-CV-817, 2018 WL 2209519, at *1 (M.D. Pa. May 14, 2018)(dealing with a 28 U.S.C. § 2254 petition).

[72] *Craft*, 514 F. App'x at 93.

could not be granted because the Court did have jurisdiction over the case.

## III. CONCLUSION

For the reasons and rationale set forth above, Defendant's motion under Fed. R. Civ. P. 60(b) will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge